# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **LDT KELLER FARMS, LLC, and**<br>**KELLER FARMS PARTNERSHIP,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CAUSE NO. 1:08-CV-243** |
| | ) |
| **BRIGITTE HOLMES LIVESTOCK CO.,**<br>**et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Plaintiffs filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) The Complaint alleges that Plaintiff LDT Keller Farms, LLC, is an Ohio limited liability company and that Plaintiff Keller Farms Partnership has its principal place of business in Ohio. (Compl. ¶ 1.)

Plaintiffs' Complaint is inadequate. As to Plaintiff LDT Keller Farms, LLC, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of LDT Keller Farms, LLC, to ensure that none of its members share a common citizenship with Defendants. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of LDT Keller Farms, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Similarly, as to Plaintiff Keller Farms Partnership, "both general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *see also Guar. Nat'l Title Co. v. J.E.G. Assocs.,* 101 F.3d 57, 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, a court "need[s] to know the name and citizenship(s) of its . . . partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, as discussed *supra*, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."[1] *Meyerson*, 312 F.3d at 320.

Therefore, Plaintiffs are ORDERED to filed an amended complaint forthwith that adequately articulates the citizenship of each party, tracing the citizenship of all unincorporated

---

[1] Furthermore, "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co.*, 101 F.3d at 58-59 (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

associations through all applicable layers of ownership.[2]

SO ORDERED.

Enter for this 21st day of October, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[2] Also, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns*, 980 F.2d at 1074); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Therefore, Plaintiffs must amend their Complaint with respect to Defendant Freeman Raber's citizenship. (*See* Compl. ¶ 8.)