# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| LDT KELLER FARMS, LLC, and ) | |
| KELLER FARMS PARTNERSHIP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-243 |
| ) | |
| BRIGITTE HOLMES LIVESTOCK CO., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Plaintiffs filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.) Because Plaintiffs' complaint failed to adequately articulate the citizenship of each party, the Court directed Plaintiff to file an amended complaint (Docket # 4), which it did on November 17, 2008 (Docket # 20).

Plaintiffs' amended complaint, however, is still inadequate. As to the individual Defendants, "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).
 Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, Plaintiffs are ORDERED to filed a second amended complaint forthwith that adequately articulates the citizenship of each party.

SO ORDERED.

Enter for this 17th day of November, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge